IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMILY GOUDEAU, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-09-0955 |
| DKLC GROUP, LP, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This is an FLSA suit for unpaid overtime wages. Defendant DKLC Group, LP filed a suggestion of bankruptcy in July 2009. The court stayed the case under 11 U.S.C. § 362(a)(1) as to DKLC Group in August 2009. (Docket Entry No. 11). At the initial conference in September 2009, the defendants represented that the nondebtor defendants would file for Chapter 7 bankruptcy within six weeks. (Docket Entry No. 16). At a status conference in December 2009, the defendants represented again that the nondebtor defendants would be filing a petition in bankruptcy court. (Docket Entry No. 20). On this basis, the court entered an order staying and administratively closing the case. (*Id.*).

Plaintiff Emily Goudeau moved to reinstate the case. (Docket Entry No. 20). Goudeau alleges that the nondebtor defendants have not filed for bankruptcy and that the case can continue against the corporate nondebtor defendant, Linné Homes, LLC, because Linné Homes can be held independently liable for FLSA violations. The defendants have not responded.

Section 362(a)(1) provides for an automatic stay of any judicial "proceeding against the debtor." 11 U.S.C. § 362(a)(1). "Section 362(a)(3) provides that the filing of a petition 'operates

as a[n] [automatic stay] applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate." *See Matter of S.I. Acquisition, Inc*., 817 F.2d 1142, 1148 (5th Cir. 1987) (quoting 11 U.S.C. § 362(a)(3)). Ordinarily, the automatic stay under § 362 does not apply to actions against a nondebtor. *See In re TXNB Internal Case*, 483 F.3d 292, 301 (5th Cir. 2007). However, the courts recognize that a § 362 stay may apply to an action by a creditor against other defendants depending on their relationship to the debtor. *See Reliant Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) ("[A] bankruptcy court may invoke § 362 to stay proceedings against nonbankrupt co-defendants where 'there is such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986))).

Dan Deschamps is an individual named as a defendant. The complaint identifies him as the registered agent of the corporate defendants. (Docket Entry No. 1 at 2). Goudeau alleges that Deschamps may be held jointly and severally liable for the FLSA violations. Goudeau does not seek to lift the stay as to Deschamps. Goudeau argues that the stay should be lifted as to Linné Homes because there has been no showing that DKLC and Linné Homes are operated as a single enterprise, that the corporations are directly connected, or that Linné Homes would be entitled to indemnity from DKLC. (Docket Entry No. 21 at 3–4).

Linné Homes has not shown that it falls within the limited grounds on which a nondebtor defendant can invoke a § 362 stay. Goudeau's motion to reinstate the claims against Linné Homes is granted. The stay remains in place as to DKLC Group, LP, and Deschamps. A status conference

is set for **June 8, 2010, at 10:00 a.m.**  Failure to appear by counsel may result in a default judgment.

SIGNED on April 28, 2010, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge
